IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL ROBERT HAMILTON, ) | |
| #B-26391, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-01346-NJR |
| ) | |
| JEFF WRIGHT, ) | |
| ROBERT LEY, ) | |
| JOHN DOE, ) | |
| JANE DOE, ) | |
| MS. BARTON, ) | |
| MR. LAWRENCE, ) | |
| PRISON REVIEW BOARD MEMBER #3, ) | |
| IDOC BOARD MEMBERS, ) | |
| JOHN BALDWIN, ) | |
| and BRUCE RAUNER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Daniel Hamilton, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 in order to challenge the revocation of his parole on December 8, 2016. (Doc. 1). In connection with this challenge, Plaintiff names Menard's clinical services counselors (Ms. Barton and Mr. Lawrence), his parole agent (Jeff Wright), his parole supervisor (Robert Ley), members of the Prison Review Board ("PRB") (John Doe, Jane Doe, and PRB Member #3), and several high-ranking state officials (IDOC Board Members, John Baldwin, and Governor Rauner). (Doc. 1, pp. 1-3). Plaintiff seeks monetary damages against them for numerous constitutional violations and for emotional distress. (Doc. 1, p. 15).

1

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations in the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

Plaintiff filed this action on December 14, 2016, in order to challenge the PRB's decision to revoke 12 months of parole.[1] (Doc. 1, pp. 7-13). Plaintiff attended a parole revocation hearing

---

[1] At the time of filing this action, Plaintiff failed to prepay the $400.00 filing fee or file a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"). The Clerk of Court sent a letter directing him to do so within 30 days (on or before January 13, 2017). (Doc. 3). He was warned that inaction would result in dismissal of the case. *Id*. On January 11, 2017, the Court entered a Notice of Impending Dismissal after hearing nothing from Plaintiff. (Doc. 4). He was again warned that the action would be dismissed if he failed to prepay the filing fee or file an IFP Motion by the extended deadline of January 27, 2017. *Id*. The

2

before the PRB on December 8, 2016. (Doc. 1, p. 7). The PRB found him guilty of a parole violation after accepting the statements made by Plaintiff's parole agent in a parole violation report dated November 10, 2016. *Id*. According to the report, Plaintiff violated Rule #5, which the parole agent listed as a failure to provide a host site for intensive supervision. (Doc. 1, p. 8).

Plaintiff alleges that he provided Menard's clinical services counselors with the contact information for at least two host sites while he was still incarcerated at Menard. (Doc. 1, p. 9). The counselors contacted a single telephone number he provided for the first host site, but took no further action after learning that the number was out of service. *Id*. The counselors allegedly made no attempt to contact the alternative numbers he provided. *Id*. Plaintiff claims that the clinical services counselors are to blame for the violation of Rule #5. *Id*.

He now asserts claims against the defendants under the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments. (Doc. 1, pp. 10-13). He also brings a state tort claim for emotional distress. (Doc. 1, pp. 10-14). Plaintiff seeks monetary damages against all of the defendants. (Doc. 1, p. 15).

## Merits Review Under 28 U.S.C. § 1915A

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has organized the claims in Plaintiff's *pro se* Complaint into the following enumerated counts:

**Count 1 -** Constitutional challenge under the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the PRB's decision to revoke Plaintiff's parole on December 8, 2016.

**Count 2 –** Illinois state tort claim for intentional infliction of emotional distress resulting from the PRB's decision to revoke Plaintiff's parole on December 8, 2016.

---

Court deferred preliminary review of the Complaint until Plaintiff complied with the Order. *Id*. Plaintiff responded by filing an IFP Motion on January 24, 2017, and it was granted a week later. (Docs. 5, 7). The Complaint is now ripe for review under 28 U.S.C. § 1915A.

For the reasons discussed below, relief is not available to Plaintiff under § 1983 at this time, and Counts 1 and 2 shall be dismissed. The dismissal of both claims shall be without prejudice to any subsequent state or federal claim Plaintiff wishes to pursue.

## Discussion

*Count 1*

Habeas corpus is the sole federal remedy for an inmate who wishes to challenge the fact or duration of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). Habeas is also the proper method for challenging constitutional deficiencies in a parole revocation hearing. *See Morrissey v. Brewer*, 408 U.S. 471 (1972) (constitutional review of parole revocation proceedings brought in habeas); *Drollinger v. Milligan*, 552 F.2d 1220, 1225 (7th Cir. 1977) (challenges to conditions of parole must be brought in habeas corpus action). Even where the inmate seeks monetary relief, as here, habeas is the only remedy when a ruling in the inmate's favor would call into question his continued confinement. *Heck v. Humphrey*, 512 U.S. 477 (1994). The United States Supreme Court in *Heck* held that "§ 1983 cannot be used to wage a collateral attack on a judicial or administrative adjudication that authorizes ongoing custody." *See Christian v. Timmerman*, 120 F. App'x 632, 633 (7th Cir. 2004) (citing *Heck*, 512 U.S. 477; *Edwards v. Balisok*, 520 U.S. 641 (1997)). *See also Knowling v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000) (§ 1983 claim for money damages cannot be used to demonstrate the invalidity of a parole revocation); *Antonelli v. Foster*, 104 F. 3d 899, 901 (7th Cir. 1997) (*Heck* precludes suit for money damages premised on the invalidity of confinement pursuant to legal process that includes, but is not limited to, parole revocation).

This proceeding under § 1983 is incompatible with *Heck*. Plaintiff's claims hinge on a determination that the PRB's parole revocation decision was wrong. By all indications, the

PRB's decision still stands. Therefore, Plaintiff cannot proceed with a § 1983 claim for money damages against the defendants until the PRB's decision is overturned or invalidated.

Before petitioning for a writ of habeas corpus, however, a plaintiff must first exhaust his state remedies. *Morrissey*, 408 U.S. 471 (1972); *Drollinger*, 552 F.2d 1220 (7th Cir. 1977). A petition for writ of mandamus in Illinois state court is the proper avenue for constitutional challenges to a parole revocation proceeding. *See Lee v. Findley*, 835 N.E.2d 985, 987 (Ill. App. Ct. 2005). Given that Plaintiff filed this action less than a week after the PRB rendered its parole revocation decision, it is likely that Plaintiff still needs to exhaust his state court remedies before proceeding with a federal habeas petition.

This action shall be dismissed because it is *Heck*-barred. The dismissal will be without prejudice to any subsequent state or federal claim Plaintiff wishes to pursue.

*Count 2*

Given that the Court has dismissed all federal claims from this action, it declines to exercise supplemental jurisdiction over Plaintiff's state tort claim for intentional infliction of emotion distress. *See* 28 U.S.C. § 1367(c). "[T]he usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial. Indeed the presumption counsels that the better practice is for district courts to state explicitly their reasons for taking the opposite course." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). In keeping with this practice, Count 2 shall be dismissed without prejudice from this action.

**Pending Motion**

Plaintiff's Motion Recruitment of Counsel (Doc. 2) is **DENIED**. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d

847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc*., 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff's motion does not demonstrate sufficient efforts to secure counsel before seeking the Court's assistance in doing so. Plaintiff rather vaguely alludes to his attempts to contact "friends" to assist him in hiring a constitutional attorney with trial experience. (Doc. 2, p. 1). He discloses no efforts to contact any attorneys directly, however, and he attaches no copies of written communications with his friends or potential attorneys on the subject of this action. He has not satisfied this first requirement.

Plaintiff also reveals that he has a "some" college education. (Doc. 2, p. 1). Despite referring to a mental illness in his Complaint and at times losing focus, Plaintiff set forth sufficient allegations in support of his claim to allow screening of the Complaint under 28 U.S.C.

§ 1915A. The fact that the action is *Heck*-barred does not reveal that counsel should have been recruited to assist him in filing this action. Should he decide to pursue federal habeas relief, Plaintiff may renew his request for counsel after first demonstrating his efforts to secure counsel on his own.

### Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. This includes **COUNT 1**, which is **DISMISSED** without prejudice as being *Heck*-barred and because it is legally frivolous, and **COUNT 2**, which is **DISMISSED** without prejudice because the Court declines to exercise supplemental jurisdiction over this state tort claim under 28 U.S.C. § 1367(c). The dismissal of these claims does not preclude Plaintiff from bringing any state or federal claim in a newly-filed action.

**IT IS ALSO ORDERED** that Defendants **JEFF WRIGHT, ROBERT LEY, MS. BARTON, MR. LAWRENCE, JOHN BALDWIN, BRUCE RAUNER, JOHN DOE, JANE DOE, PRISON REVIEW BOARD MEMBER #3,** and **IDOC BOARD MEMBERS** are **DISMISSED** from this action without prejudice.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.* 150 F.3d 810, 811 (7th Cir. 1998). A complaint that is barred by *Heck* is considered legally frivolous and counts as a strike under 28 U.S.C. § 1915(g). *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997)

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. CIV. P. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 3, 2017**

**NANCY J. ROSENSTENGEL**
**United States District Judge**